The Honorable Myra Jones State Representative 5201 Country Club Boulevard Little Rock, AR 72207-4535
Dear Representative Jones:
This is in response to your request for an opinion on the following question:
 Can Little Rock create a Municipal Management District now, or must legislation be passed to authorize such districts?
You note in this regard that a bill was introduced in the 1997 legislative session which would have allowed cities to create "municipal management districts" for the purpose of "enhancing the economic health and vitality of the areas[.]" Senate Bill 700 (81st Gen. Ass. Reg. Sess., 1997) ("AN ACT TO ALLOW CITIES OF THE FIRST CLASS WITH APOPULATION OF 100,000 OR MORE TO CREATE MUNICIPAL MANAGEMENT DISTRICTS FOR THE PURPOSE OF ENHANCING THE ECONOMIC HEALTH AND VITALITY OF THE AREAS; AND FOR OTHER PURPOSES"). Section 1 of Senate Bill 700 provided:
 Cities of the First Class with a population of one hundred thousand (100,000) or more may enact by ordinance, a process to create a Municipal Management District to manage, develop, construct and maintain public works and enhancement projects in areas of municipalities.
The bill did not pass. You have expressed concern that while A.C.A. §14-88-201 provides for municipal improvement districts, it may be too limited to accomplish the purposes of a "Municipal Management District" as envisioned in the 1997 Senate bill. You have thus inquired whether a city can create such a District, either under current Arkansas Home Rule authority or other existing law.
It is my opinion that legislation will likely be necessary to authorize a "Municipal Management District" as envisioned in this Senate bill.
The Arkansas "Home Rule" authority to which you refer was enacted underAct 266 of 1971 and is codified as A.C.A. §§ 14-43-601 through -611 (Repl. 1998). This legislation gave municipal corporations extensive authority over their "municipal affairs." See A.C.A. § 14-43-601
(defining "municipal affairs" as "all matters and affairs of government germane to, affecting, or concerning the municipality or its government . . ." except certain delineated "state affairs.") With regard specifically to the organization of improvement districts, however, it must be recognized that according to the Arkansas Supreme Court, such districts are "agents of the state and derive their limited powers and duties of a public nature by legislative delegation. . . ." QuapawCentral Business Improvement v. Bond-Kinman, 315 Ark. 703, 706,870 S.W.2d 390 (1994). This statement followed the court's citation to a historical treatise on improvement districts as follows:
 In determining the status of improvement districts, particularly in Arkansas, a historical review is helpful and is discussed by Horace Sloan in A Treatise on the Law of Improvement Districts in Arkansas (1928). The power of taxation, whether by general taxation or by local assessment, is legislative and cannot be exercised in absence of statutory authority. Additionally, no improvement district may be created or local assessment imposed unless statutorily authorized.
Id.
It thus appears that in order to be validly created, an improvement district must be statutorily authorized. A city's general "Home Rule" authority will not, it seems, form a sufficient basis for creating an improvement district. Nor has my review yielded any other existing legislation authorizing the creation of a "Municipal Management District" under the process authorized in the 1997 Senate bill and with the powers specified therein.
You have not identified any particular public works or projects for which such a district would be created; and I am thus unable to determine whether existing improvement district laws would offer an alternative avenue for accomplishing the specific purposes in mind. It should perhaps be noted, however, that a process is currently authorized for the creation of "central business improvement districts" for a wide variety of planned improvements. See A.C.A. §§ 14-184-101 et seq. (Repl. 1998).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh